IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARK DELANE WARD,**

        Petitioner,

v.                                          Case N0. 3:12-cv-07928

**MIKE CLARK, Administrator,
Western Regional Jail;**

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 19, 2012, Petitioner Mark Delane Ward ("Ward"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

### I.    Background

On November 30, 2011, Ward was arrested and brought before a Cabell County magistrate for an initial appearance on a criminal complaint. (ECF No. 1 at 13). At that time, a preliminary hearing was scheduled on December 9, 2011. (*Id.*). Bond was set at

$100,000 cash, which Ward was unable to post; accordingly, he was detained at the Western Regional Jail in Barboursville, West Virginia pending further proceedings. When Ward appeared for the hearing on December 9, he was informed that he had since been indicted by a Cabell County grand jury on the charges contained in the complaint. (*Id.* at 2). Thus, the preliminary hearing was cancelled, and Ward was returned to the Western Regional Jail to await trial on the indictment.[1]

Ward alleges that: (1) he was deprived of his preliminary hearing in violation of his Fourteenth Amendment right to Equal Protection and his Sixth Amendment right to counsel during the hearing. (*Id.* at 6-7); (2) the circuit court improperly "invaded" the magistrate's jurisdiction over his case by ordering that Ward's original case be merged with the proceedings on the indictment. (ECF No. 1 at 7); (3) there is a discrepancy between the court docket and the indictment itself with respect to the date of indictment. (*Id.*); and (4) he has not "received any sworn testimony from the State's witness to be presented to the Grand Jury," despite his request to challenge the indictment. (ECF No. 1 at 8). Ward requests that this Court dismiss the West Virginia State charges against him without prejudice. (*Id.*). He also requests that the Court "expunge DNA testing unlawfully taken from [him] on March 15, 2012," but does not allege any facts relating to DNA testing. (*Id.*).

The undersigned takes judicial notice that Ward has filed three other similar federal actions pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2241 & 2254. On October 3, 2012, Ward filed a § 1983 complaint, alleging that he had been wrongfully denied his preliminary hearing and that the circuit judge had improperly merged Ward's

---

[1] According to the West Virginia Regional Jail and Correctional Facility Authority inmate locator, Ward remains in custody at the Western Regional Jail as a pretrial felon. *See* http://www.wvrja.com/puboffsearch/offsearch.asp (Last visited Dec. 7, 2012).

magistrate court case with the circuit court case, along with other constitutional claims pertaining to his ongoing criminal proceedings and detention. (*Ward v. Plymale*, No. 3:12-cv-06186, ECF No. 2). On October 9, 2012, Ward filed a § 2254 petition for a writ of habeas corpus, alleging that he had been wrongfully denied a preliminary hearing and was therefore entitled to release from jail. (*Ward v. Clark*, No. 3:12-cv-06386, ECF No. 2). That case was dismissed on November 8, 2012 at Ward's request. (*Ward v. Clark*, No. 3:12-cv-06386, ECF Nos. 9 & 10). On November 2, 2012, Ward filed his first § 2241 petition for a writ of habeas corpus, again alleging denial of a preliminary hearing and improper merging of his magistrate court case with his circuit court case. (*Ward v. Clark*, No. 3:12-cv-07283, ECF No. 1). Finally, on November 19, 2012, Ward filed the instant § 2241 petition.

## II. Analysis

### A. *Younger* Abstention

Pretrial habeas relief from state action under 28 U.S.C. § 2241 is only available to a petitioner who is in custody, has exhausted his state court remedies, and has shown the existence of special circumstances to justify federal intervention. *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. 1993); see also *Preiser v. Rodriguez*, 411 U.S. 475, 489-92, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (requiring prisoners to exhaust state court remedies before seeking federal habeas relief); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (in the absence of extraordinary circumstances, a federal court should not intervene in an ongoing state criminal proceeding and should allow the state courts the first opportunity to address any constitutional challenges). As the United States Court of Appeals for the Fourth Circuit has explained:

> *Younger* held that federal courts may not enjoin a pending state criminal prosecution, absent a clear showing that defense of the ... prosecution will not assure adequate vindication of constitutional rights. What lies behind *Younger,* of course, is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.

*Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (internal quotations omitted). Thus, in the Fourth Circuit, abstention under *Younger* is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If these circumstances exist, the federal court "may disregard *Younger's* mandate only where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution;' (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions;' or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist* (*"Nivens II")* , 444 F.3d 237, 241 (4th Cir. 2006) (quoting *Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (internal quotation marks omitted).

In the present case, all three prongs of the *Martin Marietta* test are met; thereby, favoring abstention. First, Ward alleges that he was arrested and is currently being held on charges contained in an indictment. (ECF No. 1 at 1-2). Accordingly, there are ongoing state proceedings. The second prong of the test is met inasmuch as the State of

West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. *Nivens v. Gilchrist* (*"Nivens I"*), 319 F.3d 151, 154 (4th Cir. 2003). Third, Ward has not demonstrated that he will be prevented from raising his constitutional challenges in the state criminal proceeding. "[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d at 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). Ward asserts that the Supreme Court of Appeals of West Virginia ("West Virginia Supreme Court") has reviewed and rejected his petition for a Writ of Mandamus regarding the same preliminary hearing, indictment, and merger order defects that he raises here. (ECF No. 1 at 2). Nonetheless, the motivation for abstention is not diminished simply because Petitioner used available pretrial procedures and did not prevail. *Nivens II*, 444 F.3d at 243 ("Abstention does not suddenly become improper simply because [Petitioner] lost on the merits in the state court."). Rather, "the key question is whether the state allows [criminal defendants] to raise their objections, not whether the state agrees with those objections." *Id.* Ward fails to demonstrate any of the exceptional circumstances that would justify this Court's intrusion into his ongoing state criminal prosecution. Consequently, the undersigned **FINDS** that abstention under *Younger* is appropriate in this case.

### B. Preliminary Hearing and Indictment

Moreover, it is evident under both federal constitutional and state law that Ward's arguments are nonmeritorious. The United States Constitution guarantees Ward the right to a finding of probable cause to support his ongoing incarceration. *Shadwick v. City of Tampa*, 407 U.S. 345, 350, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). However, he

is not constitutionally entitled to a preliminary hearing. *See Gerstein v. Pugh,* 420 U.S. 103, 123, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). As the United States Supreme Court made clear in *Gerstein,* an impartial finding of probable cause is necessary to "safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime," but "there is no single preferred pretrial procedure" by which to make the probable cause finding. *Id.* at 112, 123. It is well-established that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." *Id.* at 118 (citing *Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 131, 77 L.Ed. 283 (1932)). Thus, Ward's constitutional rights were satisfied when the Cabell County grand jury returned the indictment against him.

Similarly, Ward's rights were adequately protected under the State of West Virginia's pretrial procedure, as followed by the Prosecutor. Rule 5(c) of the West Virginia Rules of Criminal Procedure requires that a pretrial detainee receive a preliminary hearing no later than ten days after the initial appearance, but "the preliminary hearing shall not be held if the defendant is indicted or if an information against the defendant is filed in circuit court before the date set for the preliminary examination." W. Va. R. Crim. P. 5(c). Ward interprets Rule 5(c) to mean that the Prosecutor can only indict if a date has not yet been set for a preliminary hearing; however, once a date is set, the preliminary hearing must go forward regardless of whether an indictment is returned before that date. (ECF No. 1 at 2-3). Ward is plainly mistaken.

Contrary to Ward's understanding of the rule, the West Virginia Supreme Court of Appeals has clarified that under Rule 5 "the preliminary hearing shall not be held if

- 6 -

the defendant is indicted or if an information is filed against the defendant in circuit court before the date of the preliminary hearing." *Peyatt v. Kopp*, 189 W. Va. 114, 116 (W. Va. 1993). This holding is consistent with the Court's earlier interpretation of W. Va. Code § 62-1-8, which codifies the right to a preliminary hearing on an offense not triable by a magistrate. *See State ex rel. Rowe v. Ferguson,* 165 W. Va. 183 (W. Va. 1980). In *Rowe*, the West Virginia Supreme Court was presented with circumstances nearly identical to those alleged by Ward. In that case, two criminal defendants were arrested on a felony complaint and appeared before a magistrate who scheduled a preliminary hearing for the following week. *Id.* at 184. When the defendants appeared for their scheduled preliminary hearing, they were informed that they had been indicted by a grand jury, and their preliminary hearing was cancelled. *Id.* at 184-85.

The defendants petitioned the West Virginia Supreme Court for a writ of mandamus, seeking to compel the circuit judge and magistrate to afford them a preliminary hearing. *Id.* at 184. Relying upon the decision of the United States Supreme Court in *Gerstein*, the West Virginia Supreme Court initially observed "that a preliminary hearing in a criminal case is not constitutionally required." *Id.* at 185. Rather, the Constitution mandates a finding of probable cause to support the criminal charges before an arrestee can be subjected to prolonged detention. The preliminary hearing is one method by which probable cause can be established, and an indictment by a grand jury is "an alternative means of establishing probable cause which would authorize the arrest and detention of the defendant and satisfy Fourth Amendment standards." *Rowe,* 165 W. Va. at 186. Rejecting the petitioners' interpretation of W. Va. Code § 62-1-8 to require a preliminary hearing on any offense to be presented to a grand jury for indictment, the Court observed that this construction of the statute would

necessitate a reading out-of-context with related provisions. *Id.* at 189. The Court declined to issue a writ, holding that "where the State proceeds under W. Va. Code § 62-1-1 et seq., to arrest the accused for an offense which must be brought before the grand jury, the defendant is entitled to a preliminary hearing" but that when "the State elects to indict him without a preliminary hearing or before one can be held, the preliminary hearing is not required." *Id.* at 192.

Furthermore, the West Virginia Supreme Court has held that a "defendant is not entitled to have the indictment dismissed as a result of delay or failure to hold the preliminary hearing." *West Virginia v. Hutcheson*, 177 W. Va. 391, 397 (W. Va. 1986). In *Hutcheson*, the defendant argued that the trial court should have quashed his indictment because he had been denied a preliminary hearing. *Id.* at 395. Although the court recognized that "a preliminary hearing is designed to permit a defendant to challenge the probable cause that initially led to his arrest," it distinguished the defendant's case on the ground that "the return of an indictment dispenses with the necessity of a preliminary hearing" because it independently establishes probable cause. *Id.* at 396-97. Ward is not entitled to release from custody because he was properly indicted by a grand jury who found probable cause to believe that Ward committed the crimes for which he is currently being detained. Therefore, he has not demonstrated a violation of his Fourth Amendment right to be free of unreasonable search and seizure.[2]

---

[2] In association with his argument that he was denied a preliminary hearing, Ward contends that he was also deprived of his Sixth Amendment right to counsel. Ward states, "I'm entitled to a lawyer at my preliminary hearing and if I had competent representation I would have been released a long time ago." (ECF No. 1 at 7). Given that Ward was not constitutionally entitled to a preliminary hearing, it stands to reason that he was not constitutionally entitled to legal representation at a hearing that did not occur. In fact, the portion of the Cabell County circuit court's docket sheet supplied by Ward demonstrates that he has been assigned counsel to represent him in the criminal proceedings. (ECF No. 1 at 10). Therefore, there is no merit to his claimed Sixth Amendment violation.

Thus, even if this Court were not constrained by *Younger* abstention, the undersigned **FINDS** that Ward would not be entitled to the relief he seeks because his arguments are nonmeritorious.

### C. Merger Order

Ward's related argument that his original criminal case was improperly "merged" with the circuit court proceedings is similarly groundless. Ward asserts: "This merger order merging case 11F-1678 into 11-F-443 invaded the jurisdiction of the magistrate court in a vain act that prejudiced me to a fair hearing by the circuit court using its powers granted under West Virginia Const Art 8 Section 6 violating West Virginia Const Art III Section 4." (ECF No. 1 at 7). In Ward's view, "when [his] [original] case was dismissed [he] should have been released" from custody, rather than further detained under the improper merger order that followed his indictment. (*Id.*).

Although he does not explicitly cite to it, Ward apparently relies on the opinion in *State ex rel. Skinner v. Dostert*, in which West Virginia Supreme Court of Appeals held that:

> A circuit court may not invade the jurisdiction or the judicial function of a magistrate court under the guise of the administrative powers granted by W. Va. Const. art. 8, § 6. An order of the circuit court which purports to control the exercise of judicial discretion by the magistrate pursuant to the general supervisory powers granted to the circuit court under W. Va. Const. art. 8, § 6 is a vain act beyond the contemplation of the constitutionally prescribed methods of judicial control of inferior court and prohibition lies to restrain its enforcement.

166 W. Va. 743, 761, 278 S.E.2d 624, 636 (W. Va. 1981). In *Skinner*, a county Prosecuting Attorney sought a Writ of Prohibition against a circuit judge who had "upon his own motion, ordered the entry of an 'administrative order' which specified a procedure for the dismissal of warrants by a magistrate court." *Id.* at 745. The

Prosecuting Attorney objected that the order usurped the power of "the magistrates by purporting to prohibit them from dismissing future criminal actions in magistrate court without the approval of the circuit court," among other things. *Id.* at 747. The West Virginia Supreme Court held that Article 8, § 6, which provides in relevant part that "each circuit court shall have general supervisory control over all magistrate courts in the circuit," did not permit the circuit judge "to control the discretion of the magistrate court to grant or deny a motion to dismiss warrants issued by the magistrate court." *Id.* at 761.

The *Skinner* decision is clearly inapposite to this case. In *Skinner,* the circuit court attempted to remove from the magistrate court its authority to dismiss a case prior to making a finding of probable cause; thus, interfering with the judicial function of the magistrates. Here, the circuit court merely adopted the magistrate's earlier rulings and proceeded with the case when the magistrate court's jurisdiction terminated. Ward overlooks the fact that "jurisdiction in magistrate court is limited to 'misdemeanor offenses committed in the county and to conduct preliminary examinations on warrants charging felonies committed within the county.'" *State v. Satterfield*, 182 W. Va. 365, 367 n.3 (W. Va. 1989) (quoting W. Va. Code § 50-2-3); *see also* W. Va. Const. art. 8, § 10 ("Magistrate courts shall have such original jurisdiction in criminal matters as may be prescribed by law, but no person shall be convicted or sentenced for a felony in such courts."). Thus, the magistrate's "lawful authority is to conduct a preliminary hearing and, upon a finding of probable cause, to bind the case over to the circuit court grand jury." *Golden v. Board of Educ. Of Harrison County*, 169 W. Va. 63, 66 (W. Va. 1981). However, as discussed above, Rule 5(c) expressly permits the State to seek indictment in circuit court prior to the date of the preliminary hearing, and this is common practice in

the West Virginia criminal court system. *See State ex rel. Repass v. Hoke*, No. 11-0663, 2012 WL 2979077, at *19 (W. Va. Mar. 9, 2012) (holding that defendant was not constitutionally mandated to receive a preliminary hearing where the magistrate dismissed the charges on the ground that the State would seek indictment). Following indictment, the circuit court exercises jurisdiction over a criminal defendant facing felony charges. *See State v. Scott*, 214 W. Va. 1, 4 n.6 (W. Va. 2003); *see also* W. Va. Code § 51-2-2 (circuit court has original and general jurisdiction over crimes and misdemeanors). Although Ward originally appeared on a warrant issued by the magistrate, he was indicted on felony charges of sexual assault and intimidation of a witness prior to his preliminary hearing; thereby, ending the necessary involvement of the magistrate. (ECF No. 1 at 14, 15). Thus, the circuit court clearly did not "invade" the magistrate's jurisdiction by merging the magistrate court case with the circuit court proceedings on the indictment.

In regard to his contention that the merger order violated Article 3, § 4 of the West Virginia State Constitution, Ward fails to elucidate exactly how the order ran afoul of the provision. Article 3, § 4 of the West Virginia State Constitution provides:

> The privilege of the writ of habeas corpus shall not be suspended. No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury. No bill of attainder, ex post facto law, or law impairing the obligation of a contract, shall be passed.

This language simply cannot be construed in any manner that would invalidate the merger order. As required by the constitutional provision, Ward was held to answer for felony criminal charges contained in an indictment returned by a grand jury. Thus, the undersigned **FINDS** that the merger order of the circuit court did not violate the Constitution of the State of West Virginia.

### D. Other Challenges

Ward's remaining objections are equally without merit. First, Ward identifies a discrepancy between the time stamp on the indictment, which indicates a filing date of December 5, 2011, and the docket sheet, which reflects the filing date of the indictment to be December 6, 2011. (ECF No. 1 at 7). A review of the relevant documents demonstrates that Ward's indictment was returned on December 5, 2011, but his case was not "opened" in the circuit court clerk's computer system until the following day, December 6, 2011; thereby, explaining the different dates. (*Id.* at 10, 15). This apparent clerical delay neither warrants Ward's release from custody, nor impairs the validity of the indictment.

Next, Ward claims that he has not received "any sworn testimony from the State's witness to be presented to the Grand Jury violating W. Va. Code § 52-2-8." (*Id.* at 8). The relevant code provision requires that:

> At least twelve of the grand jurors must concur in finding or making an indictment or presentment. They may make a presentment or find an indictment upon the information of two or more of their own body, and when a presentment or indictment is so made, or on the testimony of witnesses called on by the grand jury, or sent to it by the court, the names of the grand jurors giving the information, or of the witnesses, shall be written at the foot of the presentment or indictment.

W. Va. Code § 52-2-8. Obviously, there is no language in this statute that expressly grants a criminal defendant the right to receive grand jury testimony. Nonetheless, assuming Ward has an absolute right to receive this information prior to trial, his criminal case is ongoing. Consequently, he has not yet been deprived of any right that may be available to him. To the extent that Ward seeks to challenge the grand jury's indictment, (ECF No. 1 at 8), the West Virginia Supreme Court has consistently held that "[e]xcept for willful, intentional fraud the law of [West Virginia] does not permit the

court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." *Justice v. Ballard*, No. 11-0321, 2011 WL 8199945, at *21 (W. Va. Nov. 15, 2011); *State v. Grimes*, 226 W. Va. 411, 419 (W. Va. 2009) (citing *Barker v. Fox*, 160 W. Va. 749 (W. Va. 1977)); *State v. Layton*, 189 W. Va. 470, 491 (W. Va. 1993); *State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 665-66 (W. Va. 1989). Here, Ward offers nothing to suggest improprieties surrounding the return of the indictment against him.

Finally, Ward's request that the Court "expunge DNA testing unlawfully taken from [him] on March 15, 2012," (ECF No. 1 at 8), must be rejected, as "[f]ederal courts have no general power to compel action by state courts." *In re Austin*, 8 Fed. Appx. 253, 254 (4th Cir. 2001). In any event, Ward's complaint is entirely devoid of factual allegations to support such a request. (ECF No. 1 at 8).

Therefore, having considered Ward's remaining challenges, the undersigned **FINDS** no factual or legal basis supporting them or justifying the relief requested.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and

2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure,

Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** December 18, 2012.

Cheryl A. Eifert
United States Magistrate Judge